**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDIE L. BANKS; ERICA LEBLANC, on their own behalf and on behalf of those similarly situated, | No. 20-55297 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-09141-JFW-JC |
| v. | |
| NORTHERN TRUST CORPORATION; NORTHERN TRUST COMPANY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 2, 2021**
Pasadena, California

Before: PAEZ, CALLAHAN, and OWENS, Circuit Judges.

Lindie Banks and her daughter Erica LeBlanc ("Plaintiffs") appeal from the

district court's grant of summary judgment and denial of class certification in their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action against Northern Trust Corporation and Northern Trust Company ("Northern") for alleged violations of state law involving breach of fiduciary duty by a trustee. Plaintiffs are beneficiaries of the irrevocable Lindstrom Trusts, over which Northern serves as trustee. The district court also struck Plaintiffs' motions to retax costs.

We review summary judgment de novo and the denial of class certification for an abuse of discretion. *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018). We review for an abuse of discretion a district court's interpretation of its local rules and its award of costs. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007); *Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018).

As the parties are familiar with the facts, we do not recount them here. We affirm the district court's grant of summary judgment and do not reach the denial of class certification. We vacate the orders striking Plaintiffs' motions to retax costs and remand for the district court to consider the merits of retaxing costs.[1]

1. Plaintiffs claim that Northern breached its fiduciary duty because it improperly invested most of the Lindstrom Trusts' assets in mutual funds affiliated with Northern (i.e., "proprietary" funds). As Plaintiffs concede, under California law, a trustee's investment in proprietary funds, standing alone, does not breach its

---

[1] We grant the motion for leave to file an amicus brief by the National Association of Consumer Advocates and the National Consumer Law Center.

fiduciary duty. *See* Cal. Prob. Code § 16015; Cal. Fin. Code § 1582. And Plaintiffs failed to raise a genuine dispute of material fact that Northern did not "exercise reasonable care, skill, and caution" in making investment decisions. Cal. Prob. Code § 16047 (requiring that a trustee "invest and manage trust assets as a prudent investor would" by "exercis[ing] reasonable care, skill, and caution" given "the context of the trust portfolio as a whole" and its "overall investment strategy"). Plaintiffs primarily contend that Northern's investment in mostly proprietary funds was imprudent because the proprietary funds purportedly charged excessive fees compared to certain Vanguard funds, but Plaintiffs failed to show that those Vanguard funds are appropriate comparators. Thus, the district court properly granted summary judgment on Plaintiffs' investment-related breach of fiduciary duty claim.

2. Plaintiffs also claim that Northern breached its fiduciary duty because it charged tax preparation fees that purportedly exceeded the amount of compensation authorized by the Lindstrom Trusts. The terms of the Lindstrom Trusts authorized an annual fee of three-fifths of one percent (i.e., 0.60%) of assets under management plus "reasonable compensation" for "extraordinary services." Since 2012, the only compensation Northern has received from the Lindstrom Trusts related to their administration is the tax preparation fee, which has represented less than 0.60% of the Trusts' assets.

The district court properly determined that during the relevant period Northern did not exceed the compensation authorized by the Lindstrom Trusts because Northern's fees were below 0.60% of the Trusts' assets. Because the Lindstrom Trusts "provide[] for the trustee's compensation," Northern "is entitled to be compensated in accordance with the trust instrument" and no determination of whether the tax preparation fee is "reasonable" is required. Cal. Prob. Code §§ 15680(a), 15681. Contrary to Plaintiffs' contention, fund fees for Northern's affiliates are not part of Northern's compensation for trust administration. And the discovery rule does not extend the limitations period because, as discussed below, Plaintiffs failed to raise a genuine dispute of material fact that Northern did not comply with its disclosure obligations.

Plaintiffs further claim that Northern failed to properly account to Plaintiffs for the costs incurred in preparing tax returns for the Lindstrom Trusts. However, Northern complied with California law by annually disclosing the tax preparation fee on account statements provided to Plaintiffs. Cal. Prob. Code § 16063(a)(3). Plaintiffs' authority does not support that Northern was required to do more (e.g., maintain and provide the time records of the individuals working on the tax return). Nor did Plaintiffs show that Northern violated its disclosure duties regarding its fund fees. *See* Cal. Fin. Code § 1582(d). Thus, the district court

4

properly granted summary judgment on Plaintiffs' tax-fee-related breach of fiduciary duty claim.

3. Plaintiffs' remaining claims are derivative of their fiduciary duty claims. Accordingly, the district court properly granted summary judgment in favor of Northern.

4. Because we affirm the district court's grant of summary judgment to Northern, we need not address the district court's denial of class certification. *See Skokomish Indian Tribe v. United States*, 410 F.3d 506, 519 (9th Cir. 2005) (en banc).

5. On October 6, 2020, the clerk of court taxed costs to Plaintiffs in the amount of $93,907.71. Plaintiffs filed two timely motions to retax costs, which the district court struck for failure to comply with the meet and confer requirements of Local Rule 7-3 and the Court's Standing Order. *See* C.D. Cal. L.R. 7-3. The district court likewise denied Plaintiffs' subsequent request to place their motion to retax costs back on calendar.

Based on the circumstances here, the district court should have considered the merits of Plaintiffs' motions to retax costs. The parties conferred on April 6, 2020, regarding the same issues raised in Plaintiffs' motions to retax costs, and then had a further conference on October 13, 2020.

Moreover, Plaintiffs' efforts to meet and confer were sufficient given the difficulty in complying with both the timing requirement to meet and confer under Local Rule 7-3 and the seven-day deadline to file a motion to retax costs. *See* Fed. R. Civ. P. 54(d)(1); C.D. Cal. L.R. 54-2.5; *see also Lin v. BMW of N. Am., LLC*, No. LACV 18-08297-VAP(PLAx), 2020 WL 7773914, at *2 (C.D. Cal. Nov. 24, 2020) ("Given the short deadline to file the instant Motion [to retax costs], the Court concludes Plaintiff's efforts to comply with Local Rule 7-3 and contact opposing counsel before filing the Motion were sufficient."); *Mulligan v. Yang*, No. CV 15-712 DDP(AJWx), 2017 WL 826909, at *1 (C.D. Cal. Mar. 2, 2017) ("While parties are ordinarily required to meet and confer at least seven days prior to filing a motion, *see* C.D. Cal. L.R. 7-3, that requirement seems inapplicable where, as here, a party only has seven days [to] file the motion [to retax costs] in the first place[.]").

Therefore, we vacate and remand for the district court to address the merits of Plaintiffs' motions to retax costs. We note that the amount of costs appears high, but we leave it for the district court to consider the merits of retaxing costs in the first instance.

6. Finally, we deny Plaintiffs' request to reassign this case to a different district judge. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED**.